Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
RUBEN SOSA and JOSE SOSA, individually and on behalf of all others similarly situated,

                                  Plaintiffs,

    -against-

EMPIRE ECS LLC, and MATTHEW LIO, and DOMINICK LIO, as individuals,

                                  Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION/CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **RUBEN SOSA and JOSE SOSA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **RUBEN SOSA and JOSE SOSA, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **EMPIRE ECS LLC, and MATTHEW LIO, and DOMINICK LIO, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at EMPIRE ECS LLC, located at 27 Saint Charles Street, Thornwood, New York 10594.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff RUBEN SOSA, residing at 48-04 Broadway, Long Island City, New York 11103, was employed from in or around April 2018 until in or around October 2019 by Defendants at EMPIRE ECS LLC, located at 27 Saint Charles Street, Thornwood, New York 10594.
9. Plaintiff JOSE SOSA, residing at 48-04 Broadway, Long Island City, New York 11103, was employed from in or around March 2016 until in or around August 2019 by Defendants at EMPIRE ECS LLC, located at 27 Saint Charles Street, Thornwood, New York 10594.
10. Defendant, EMPIRE ECS LLC is a corporation organized under the laws of New York.
11. Defendant, EMPIRE ECS LLC is a corporation authorized to do business under the laws of New York.
12. Upon information and belief, Defendant, EMPIRE ECS LLC is a corporation organized under the laws of New York with a principal executive office at 27 Saint Charles Street, Thornwood, New York 10594.
13. Upon information and belief, Defendant MATTHEW LIO owns and operates EMPIRE ECS LLC.

14. Defendant MATTHEW LIO is the Vice President of construction at EMPIRE ECS LLC primarily at the Brooklyn location, where Plaintiffs were employed.
15. Upon information and belief, Defendant MATTHEW LIO is an agent of EMPIRE ECS LLC.
16. Defendant MATTHEW LIO has power over personnel decisions at EMPIRE ECS LLC.
17. Upon information and belief, Defendant MATTHEW LIO has power over payroll decisions at EMPIRE ECS LLC,
18. Defendant MATTHEW LIO has the power to hire and fire employees, including the Plaintiff, at EMPIRE ECS LLC, establish and pay their wages, set their work schedule, and maintains their employment records.
19. During all relevant times herein, Defendant MATTHEW LIO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
20. Upon information and belief, Defendant DOMINICK LIO owns and operates EMPIRE ECS LLC.
21. Defendant DOMINICK LIO is the Principal at EMPIRE ECS LLC primarily at the Queens location, where Plaintiffs were employed.
22. Upon information and belief, Defendant DOMINICK LIO is an agent of EMPIRE ECS LLC.
23. Upon information and belief, Defendant DOMINICK LIO has power over personnel decisions at EMPIRE ECS LLC.
24. Upon information and belief, Defendant DOMINICK LIO has power over payroll decisions at EMPIRE ECS LLC.
25. Defendant DOMINICK LIO has the power to hire and fire employees, including the Plaintiff, at EMPIRE ECS LLC, establish and pay their wages, set their work schedule, and maintain their employment records.
26. During all relevant times herein, Defendant DOMINICK LIO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
27. On information and belief, EMPIRE ECS LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees

engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

28. Plaintiff RUBEN SOSA was employed from in or around April 2018 until in or around October 2019 by Defendants at EMPIRE ECS LLC.
29. During Plaintiff RUBEN SOSA'S employment by Defendants, Plaintiff's primary duties were as a, office key-holder, construction worker, demolition worker, and cleaner, while performing other miscellaneous duties from in or around April 2018 until in or around October 2019.
30. Plaintiff RUBEN SOSA was paid by Defendants approximately $15.00 per hour from in or around April 2018 until in or around December 2018, and approximately $17.50 per hour from in or around January 2019 until in or around October 2019.
31. Plaintiff worked approximately fifty (50) hours or more per week during his employment by Defendants from in or around April 2018 until in or around October 2019.
32. Although Plaintiff RUBEN SOSA worked approximately fifty (50) hours or more per week during his employment by from in or around April 2018 until in or around October 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
33. Plaintiff JOSE SOSA was employed from in or around March 2016 until in or around August 2019 by Defendants at EMPIRE ECS LLC.
34. During Plaintiff JOSE SOSA'S employment by Defendants, Plaintiff's primary duties were as a demolition worker and construction worker, while performing other miscellaneous duties from in or around March 2016 until in or around August 2019.
35. Plaintiff JOSE SOSA was paid by Defendants approximately $15.00 per hour from in or around March 2016 until in or around 2017, and approximately $17.50 per hour from in or around 2018 until in or around October 2019.

36. Plaintiff JOSE SOSA worked approximately forty-two and a half (42.5) hours or more per week during his employment by Defendants from in or around March 2016 until in or around August 2019.

37. Although Plaintiff JOSE SOSA worked approximately forty-two and a half (42.5) hours or more per week during his employment by Defendants from in or around March 2016 until in or around August 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

41. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

    All security guards who are currently or have been employed by the Defendants at JB SECURITY, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

42. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 200 members of the New York Class during the New York Class Period.

43. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

    b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

    c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

    d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

    f. Whether Defendants should be enjoined from such violations in the future.

44. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

45. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

46. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.
47. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.
48. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.
49. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
51. Collective Class: All persons who are or have been employed by the Defendants as office key-holders, demolition workers, cleaners, and construction workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
52. Upon information and belief, Defendants employed between 20 and 30 employees within the past three years subjected to similar payment structures.
53. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

54. Defendants' unlawful conduct has been widespread, repeated, and consistent.
55. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
56. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
57. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
58. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
59. The claims of Plaintiffs are typical of the claims of the putative class.
60. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
61. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
63. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
64. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

67. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

68. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
**Overtime Wages Under New York Labor Law**

69. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

71. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

72. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
74. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
75. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
77. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
78. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   d. Awarding Plaintiffs prejudgment and post-judgment interest;
   e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   f. Awarding such and further relief as this court deems necessary and proper.

Case 1:19-cv-10513-JGK   Document 1   Filed 11/13/19   Page 11 of 12


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 13 day of November 2019.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RUBEN SOSA and JOSE SOSA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

EMPIRE ECS LLC, and MATTHEW LIO, and DOMINICK LIO, as individuals,

Defendants.
_____

## SUMMONS & COMPLAINT
_____

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

_____

**TO:**

**EMPIRE ECS LLC**
**27 SAINT CHARLES STREET**
**THORNWOOD, NEW YORK 10594**

**MATTHEW LIO**
**27 SAINT CHARLES STREET**
**THORNWOOD, NEW YORK 10594**

**DOMINICK LIO**
**27 SAINT CHARLES STREET**
**THORNWOOD, NEW YORK 10594**