

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

July 1, 2020

**Via ECF**
The Honorable District Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Sosa, et al. v. Empire ECS LLC, et al.**
**19-CV-10513 (JGK)**

Dear Judge Koeltl:

Our office represents the Plaintiffs in the above-captioned action and we submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit 1, memorializes the agreed upon terms by the parties during their months-long negotiation process. The parties have agreed to promptly execute the Settlement Agreement upon receiving the Court's approval.

**Plaintiffs' Position**

Plaintiffs are two former employees of Defendants who worked for Defendants as construction workers and laborers. Plaintiffs alleged that they regularly worked in excess of forty (40) hours per week without receiving overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs alleged that they were paid the same regular hourly rate for all hours worked, even hours worked in excess of forty (40) hours per week. Plaintiffs allege that they regularly worked between 42 and 50 hours per week. Lastly, Plaintiffs alleged that they were not provided proper wage notices and statements under the NYLL.

**Defendants' Position**

Defendants deny any violation of federal or state law or otherwise any wage and hour liability to Plaintiffs. Defendants deny that Plaintiffs regularly worked in excess of 40 hours of week without receiving overtime compensation or that they were unaware of their pay rate and pay dates.

**Settlement Terms and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $25,000.00 in one installment following Court approval of the Settlement Agreement.

Plaintiffs will recover a total amount of $16,230.00 after requested attorneys' fees and expenses as a result of the settlement. Both Plaintiffs have agreed to an even split of the settlement proceeds. The allocation of settlement funds is included in Paragraph 1 of the Settlement Agreement.

Plaintiffs' counsel respectfully requests one-third of the settlement amount (less expenses) in attorneys' fees, or $24,345.00, as agreed upon in the Plaintiffs' retainer agreements with this firm.

Plaintiffs' counsel respectfully additionally requests $655.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services ($249.00), and postage fees ($6.00).

Therefore, the total amount to be paid to Plaintiffs' counsel, including reimbursement of expenses, is $8,770.00.

**Settlement Amount:** $25,000.00
**Attorneys' Expenses:** $655.00
**Settlement Amount Less Expenses:** $24,345.00
**Requested Attorneys' Fees:** $8,115.00 ($24,345.00 / 3)
**Total Amount Requested by Attorneys:** $8,770.00
**Total Amount Recovered by Plaintiffs:** $16,230.00

Plaintiffs' counsel and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Plaintiffs' counsel believes that the requested attorneys' fees are reasonable in light of the recovery secured for Plaintiffs and the amount of work put in by Plaintiffs' counsel.

Lastly, the Settlement Agreement has been drafted by experienced counsel and has been reviewed and approved by all parties.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

/s/
Roman Avshalumov, Esq.
James O'Donnell, Esq.
*Attorney for Plaintiffs*