

**Helen F. Dalton and Associates, P.C.**
Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ◆ F. 718.263.9598

July 1, 2020

This case is dismissed with prejudice in accordance with the settlement agreement. The settlement is fair, reasonable, and adequate, including the provision for attorney's fees. The Clerk is directed to close this case.
SO ORDERED.
New York, NY /s/ John G. Koeltl
July 10, 2020 John G. Koeltl, U.S.D.J.

**Via ECF**
The Honorable District Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Sosa, et al. v. Empire ECS LLC, et al.**
**19-CV-10513 (JGK)**

Dear Judge Koeltl:

Our office represents the Plaintiffs in the above-captioned action and we submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit 1, memorializes the agreed upon terms by the parties during their months-long negotiation process. The parties have agreed to promptly execute the Settlement Agreement upon receiving the Court's approval.

**Plaintiffs' Position**

Plaintiffs are two former employees of Defendants who worked for Defendants as construction workers and laborers. Plaintiffs alleged that they regularly worked in excess of forty (40) hours per week without receiving overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs alleged that they were paid the same regular hourly rate for all hours worked, even hours worked in excess of forty (40) hours per week. Plaintiffs allege that they regularly worked between 42 and 50 hours per week. Lastly, Plaintiffs alleged that they were not provided proper wage notices and statements under the NYLL.

**Defendants' Position**

Defendants deny any violation of federal or state law or otherwise any wage and hour liability to Plaintiffs. Defendants deny that Plaintiffs regularly worked in excess of 40 hours of week without receiving overtime compensation or that they were unaware of their pay rate and pay dates.

**Settlement Terms and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $25,000.00 in one installment following Court approval of the Settlement Agreement.

Plaintiffs will recover a total amount of $16,230.00 after requested attorneys' fees and expenses as a result of the settlement. Both Plaintiffs have agreed to an even split of the settlement proceeds. The allocation of settlement funds is included in Paragraph 1 of the Settlement Agreement.

Plaintiffs' counsel respectfully requests one-third of the settlement amount (less expenses) in attorneys' fees, or $24,345.00, as agreed upon in the Plaintiffs' retainer agreements with this firm.

Plaintiffs' counsel respectfully additionally requests $655.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services ($249.00), and postage fees ($6.00).

Therefore, the total amount to be paid to Plaintiffs' counsel, including reimbursement of expenses, is $8,770.00.

**Settlement Amount:** $25,000.00
**Attorneys' Expenses:** $655.00
**Settlement Amount Less Expenses:** $24,345.00
**Requested Attorneys' Fees:** $8,115.00 ($24,345.00 / 3)
**Total Amount Requested by Attorneys:** $8,770.00
**Total Amount Recovered by Plaintiffs**: $16,230.00

Plaintiffs' counsel and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Plaintiffs' counsel believes that the requested attorneys' fees are reasonable in light of the recovery secured for Plaintiffs and the amount of work put in by Plaintiffs' counsel.

Lastly, the Settlement Agreement has been drafted by experienced counsel and has been reviewed and approved by all parties.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

/s/____________________
Roman Avshalumov, Esq.
James O'Donnell, Esq.
*Attorney for Plaintiffs*

**AGREEMENT AND RELEASE**

This Agreement and Release ("Agreement") sets forth the mutual understanding between **RUBEN SOSA and JOSE SOSA** (hereinafter referred to as "Plaintiffs") and **EMPIRE ECS LLC, MATTHEW LIO and DOMINICK LIO** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' former employment with Empire ECS LLC and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 19-CV-10513 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS**, Defendants deny any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Defendants shall cause Plaintiffs to be paid the gross sum of twenty-five thousand dollars ($25,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), within 14 days of the Court's approval of this Agreement. The Settlement Funds shall be payable as follows:

   i. One certified or bank check in the amount of eight thousand one hundred and fifteen dollars ($8,115.00) made payable to Jose Sosa.

   ii. One certified or bank check in the amount of eight thousand one hundred and fifteen dollars ($8,115.00) made payable to Ruben Sosa.

   iii. One certified or bank check in the amount of eight thousand seven hundred and seventy dollars ($8,770.00) made payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. Within five (5) business days of receiving the full payment listed in Paragraph 1(a), Plaintiffs will file a Stipulation of Discontinuance with prejudice for Court approval, as attached hereto as Exhibit A.

2. **Release by Plaintiffs**

a. In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, their successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys ("Defendant Releasees") of and from all or any manner of actions, causes and causes of action, claims and demands whatsoever at law or in equity ("claims"), which Plaintiffs or their heirs, successors, legal representatives, or assigns now has, owns, or holds, or at any time heretofore ever had, owned or held, or could have owned or held, whether known or unknown, suspected or unsuspected, from the beginning of the world to this date, including, without limiting the generality of the foregoing all claims which were alleged or could have been alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, and including, without limiting the generality of the foregoing, any claims for breach of contract, failure to hire, wrongful termination, unlawful or tortious acts, retaliation, or violation of employment laws, discrimination laws or civil rights laws, including but not limited to including but not limited to, the Age Discrimination in Employment Act of 1967, as amended, Family Medical and Leave Act; Americans with Disabilities Act; Title VII; New York State Human Rights Law; the New York Labor Law (including but not limited to the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law); the New York State Correction Law; the New York State Civil Rights Law; Section 125 of the New York Workers' Compensation Law; the New York City Human Rights Law; New York Paid Family Leave Law; New York City Earned Sick Leave Law; the New York City Administrative Code; all claims under New York wage and hour laws, including, but not limited to, any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, sick pay, benefits, leave, vacation, and/or severance; and any and all other claims that apply whether arising from statute, regulation, ordinance, or common law claims for breach of contract, tort, or equitable relief.

b. Plaintiffs agree to release and discharge the Released Parties not only from the claims described in subparagraph 2(a) which they could make on their own behalf, they also specifically waive any right to become, and promise not to become, a member of any class in any proceeding or case in which such a claim or claims against the Defendant Releasees may arise, in whole or in part, from any event which occurred as of the date of this Agreement. The Parties agree that if the Plaintiffs, by no action of their own, become a mandatory member of any class from which they cannot, by operation of law or order of court, opt out, they will not be required to pay for any legal fees or costs incurred by the Released Parties as a result.

c. Nothing in this Agreement, prevents Plaintiffs from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission or any other federal, state or local agency charged with the enforcement of any laws. By signing this Agreement, however, Plaintiffs are waiving rights to individual relief based on claims asserted in such a charge or complaint, except where such a waiver of individual relief is prohibited. With respect to any claim that cannot be released by private agreement, Plaintiffs agree to release and waive their right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on their behalf, either individually, jointly, or as part of a collective action, by any governmental agency or other third party. Notwithstanding the foregoing, this Agreement does not prohibit or bar Plaintiffs from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any governmental agency.

d. Notwithstanding the above, this release shall not be in any way interpreted to resolve or operate as a release of: 1) Plaintiff Ruben Sosa's pending claims against Defendant Empire ECS LLC before the State of New York Worker's Compensation Board (WCB # G2573546), 2) Plaintiff Ruben Sosa's claims brought in a personal injury action pending before The State of New York, Supreme Court of Queens County (714597/2019), or 3) any claims, suits, causes of action whatsoever at law or in equity that arise or could have arisen out of the accident involving Ruben Sosa that occurred on or about August 5, 2019 from that date to present.

3. **<u>Release by Defendants</u>**

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiffs from any and all counterclaims that Defendants have asserted or could have asserted against Plaintiffs in any way relating to Plaintiffs' employment by Defendant Empire ECS LLC.

Notwithstanding the above, this release shall not be in any way interpreted to resolve or operate as a release of any counterclaim, cross-claim, third-party claim, or affirmative defense

Empire ECS LLC has or may have arising out of the accident involving Ruben Sosa that occurred on or about August 5, 2019.

4. **Review of Counsel; Revocation Period**

Plaintiff's acknowledge that they been given at least 21 days to consider this Agreement, and that they sought the advice of counsel, who has reviewed this Agreement. For a period of seven (7) days following the latter of Ruben Sosa and Jose Sosa's execution of this Agreement, Ruben Sosa or Jose Sosa may revoke this Agreement, provided they do so in writing. Any such revocation letter should be addressed to Christopher Fenlon via email only at cfenlon@hinckleyallen.com. This Agreement shall not become effective until this seven (7) day revocation period has expired, with the following day (i.e., the 8th day from the latter of Ruben Sosa and Jose Sosa's execution of the Agreement) being (the "Effective Date"). If either Ruben Sosa or Jose Sosa revokes this Agreement within the 7 day revocation period, the entire Agreement shall be null and void and neither Ruben Sosa nor Jose Sosa shall be entitled to the Settlement Funds.

5. **Joint Fairness Letter**

Anticipating that judicial approval of this Agreement may be required due to Plaintiffs' release and dismissal of claims under the FLSA, the Parties agree to file a joint fairness letter for approval of this Agreement in the United States District Court for the Southern District of New York promptly after this Agreement has been duly executed by the Parties (the "Joint Fairness Letter"). This Agreement is conditioned upon either (1) an Order by the Court approving of this Agreement, or an (2) Order by the Court stating that judicial approval of this Agreement is not required.

6. **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party, except that in any action for breach of this Agreement, a Court of competent jurisdiction shall award reasonable attorneys' fees and cots to the prevailing party.

7. **Non-Disparagement**

Plaintiffs agree that they will not disparage Defendants or any of their officers, directors, employees, or clients, or otherwise harm the interests or reputation of Defendants. However, this paragraph shall not be interpreted to prevent Plaintiffs from making truthful statements concerning their experiences litigating this action.

8. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

9. **Voluntary and Informed Consent; Authority**

Each party to the Agreement warrants that no promise or inducement to enter into this Agreement has been offered, except as herein set forth, and that this Agreement is executed by each party without relying upon any statement or representation by any other party or its representatives, including, but not limited to, any representation concerning the nature and extent of any injury, damage or legal liability. Each party hereto and each person executing the Agreement acknowledges that the terms and conditions of the Agreement have been completely read, and that the terms and conditions are fully understood and voluntarily accepted. The Plaintiffs acknowledge and agree that they have been given a reasonable time period (at least seven days) within which to consider this Agreement. The Parties further acknowledge that each of them has had the benefit of legal counsel in entering into the Agreement, and they warrant, represent and agree that they, and each of them, understand all of the terms and are voluntarily executing the Agreement of their own free will, without coercion or duress. Each party to the Agreement further represents and warrants that she/he/it has full authority and competence to enter into this Agreement.

10. **Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction. If any paragraph of the Agreement or any portion thereof shall be held to be invalid, illegal or unenforceable, the validity, legality or enforceability of the remainder of the Agreement shall not, unless the law otherwise requires, in any way be affected or impaired.

11. **Non-Assignment of Claims**

Each party represents and warrants that no claim, demand or cause of action against any other party has been assigned to any person, partnership, corporation, limited liability-company or other entity. If any party has conveyed such an assignment, she, he and/or it hereby agrees to indemnify and hold the other parties harmless with respect to any claim, demand or cause of action by any such assignee.

12. **Jurisdiction**

The parties respectfully request that this Court, the United States District Court for the Southern District of New York, retains jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

13. **Effective Date**

This Agreement and Release shall become effective as set forth in Paragraph 4 of this Agreement (i.e., the 8th day from the latter of Ruben Sosa and Jose Sosa's execution of the Agreement), provided, however, that the parties agree that the Agreement and Release are expressly conditioned upon (1) an Order by the Court approving of this Agreement, or an (2) Order by the Court stating that judicial approval of this Agreement is not required.

14. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

______________________________
**JOSE SOSA**

**Date:__________**

______________________________
**RUBEN SOSA**

**Date:__________**

**DEFENDANTS:**

**EMPIRE ECS, LLC**

__________________________
**DOMINICK LIO, Agent Authorized to sign on behalf of EMPIRE ECS, LLC**

**Date:___________**

_________________________
**MATTHEW LIO, as an individual**

**Date:__________**

___________________________
**DOMINICK LIO, as an individual**

**Date:__________**